IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| PATONIA BUCHANAN | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 1:21-cv-2679 |
| EXEL INC. | ) |
| | ) |
| **Defendant,** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on August 19, 2021.

**PARTIES**

3. Plaintiff is an African-American female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in December 2009 as an Ops Manager.

6. Plaintiff was promoted numerous times and on or around March of 2019, Plaintiff was recruited for the GM I position within Managed Transportation Department.

7. Plaintiff performed her job well.

8. Plaintiff consistently received positive reviews from 2010 to 2019.

9. On July 15, 2019, Plaintiff was relocated to Indianapolis by the Defendant to manage a multi-startup account.

10. A team of managers were responsible for launching the initial start-up which occurred during February 2019.

11. Due to the customer's leadership change and the pandemic, the operation began to have systemic and profitability issues.

12. Plaintiff and her team worked to remedy system and staffing issues throughout 2020 & 2021.

13. At the end of 2020 and beginning of 2021, Plaintiff was placed under a new manager.

14. On January 14, 2021, Plaintiff was told that her previous supervisor did not complete her 2020 year-end review prior to his departure.

15. Plaintiff's new supervisor stated that he had rated her well with "Consistently Demonstrated" for her review, and they would discuss it in further detail later.

16. However, by March 9, 2021, Plaintiff had not received a performance review despite the fact the deadline had passed.

17. On April 8, 2021, Plaintiff discovered she was given a rating of 'Does Not Consistently Demonstrate.' Plaintiff contacted management and was told they would get back to her.

18. At Plaintiff's request, on April 27, 2021, Plaintiff met with her supervisor, who stated that he initially rated her as 'Consistently Demonstrated', but later changed his rating to 'Does Not Consistently Demonstrate' after meeting with other Caucasian members of the team who convinced him to lower her rating.

19. During the meeting, Plaintiff asked if the Caucasian leaders who worked and supported the account were given a 'Does Not Consistently Demonstrate" rating.

20. The supervisor informed Plaintiff that the other Caucasian leaders did not receive a low merit ranking.

21. On April 27, 2021, Defendant called Plaintiff and stated she was not set up to be successful in her previous role, and stated they desired to move her to a position in Detroit, Michigan. When Plaintiff asked if she was required to move to Michigan, Defendant stated that he was not aware of any other options.

22. After Plaintiff inquired if she could work remotely, On May 10, 2021, Defendant responded that working remotely is not an option for continued employment, and if she was unable to secure a position internally on or before July 9, 2021 that her employment with the Defendant would end.

23. On July 9, 2021, Plaintiff was terminated from DHL.

24. Numerous other similarly situated individuals outside of her protected class worked on the account, engaged in conduct of comparable seriousness and were not given low merit ratings.

25. Plaintiff was replaced by a Caucasian man who did not have to apply or interview for the position and is working/managing remotely.

26. Plaintiff was terminated due to her race.

27. Plaintiff was terminated for engaging in protected activity.

## COUNT I

28. Plaintiff incorporates by reference paragraphs 1-27.

29. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

## COUNT II

30. Plaintiff incorporates by reference paragraphs 1-27.

31. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

32. Plaintiff incorporates by reference paragraphs 1-27.

33. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT IV

34. Plaintiff incorporates by reference paragraphs 1-27.

35. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

  A.  Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer, 36230-29
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer, 36230-29
Attorney for Plaintiff

Sarah E. Larimer, 36230-29
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416